Government is to submit an appropriate form of order.

**UNITED STATES of America, Plaintiff**

v.

**Leo EISENBERG, Richard Cannistraro and Richard Bertoli, Defendants.**

Crim. No. 89–218.

United States District Court,
D. New Jersey.

April 12, 1990.

Robert P. Warren, John M. Fietkiewicz, Asst. U.S. Attys., and David M. Rosenfield, Sp. Asst. U.S. Atty., Newark, N.J., for the Government.

Barry M. Fallick, Rochman, Platzer, Fallick & Rosmarin, New York City, for defendant Leo M. Eisenberg.

Richard S. Cannistraro, New York City, pro se.

Michael B. Pollack, New York City, for defendant Richard Cannistraro on the recusal motions.

Patricia Codey, Asst. Federal Public Defender, Newark, N.J., stand-by counsel to defendant Richard S. Cannistraro.

Franklin M. Sachs, Podvey, Sachs, Meanor and Catenacci, Newark, N.J., for defendant Richard Bertoli.

OPINION

LECHNER, District Judge.

On 22 March 1990 I filed an Opinion (the "Recusal Opinion") denying the motions by Richard O. Bertoli ("Bertoli") and Richard S. Cannistraro ("Cannistraro") for my recusal (the "Recusal Motions"). 734 F.Supp. 1137. On 2 April 1990 counsel to Bertoli, Franklin M. Sachs, Esq. ("Sachs"), filed a Motion for Reargument and Reconsideration (the "Reconsideration Motion").[1] In support of that motion, Sachs filed an affidavit, dated 2 April 1990 (the "2 April 1990 Sachs Aff."), and a letter-memorandum, dated 2 April 1990 (the "2 April 1990 Letter–Memorandum"). On 5 April 1990 the Government filed a letter in opposition to this motion (the "Government's Opposition"). For the reasons which follow, the Reconsideration Motion is denied in all respects.

The Recusal Opinion sets forth in detail the procedural history, facts and discussion with regard to the denial of the Recusal Motions. This Opinion should be read in conjunction with the Recusal Opinion.

*Discussion*

The 2 April 1990 Letter–Memorandum from Sachs states that the basis for the Reconsideration Motion is that the Recusal Opinion "contains numerous factual inaccu-

---

1. From the Certificate of Service filed, it appears co-defendant Richard S. Cannistraro, a pro se defendant, and stand-by counsel, Patricia Codey, Assistant Federal Public Defender, were not served with a copy of the Reconsideration Motion.

racies and material omissions which appear to have influenced the Court's reasoning." 2 April 1990 Letter–Memorandum at 1. Sachs argues that:

> Most of the inaccuracies and omissions which characterize the Court's [Recusal O]pinion revolve around the Rule 15 Motion for Discovery in the Cayman Islands filed by the Government and the Cayman injunction obtained by all defendants with respect to the terms of any Order issued by the Court in response to such Motion.

*Id.* Sachs contends that it is curious the Recusal Opinion "even raises the matter of the Cayman Islands discovery, since the Rule 15 Motion is entirely separate from and has no bearing whatsoever on the recusal motion." *Id.* at 2. Indeed, it is accurate to say the Cayman Islands discovery is irrelevant to the decision in the Recusal Opinion.

Before reviewing the asserted inaccuracies in the Recusal Opinion, it is helpful to quote from the Recusal Opinion, specifically, the first paragraph in the Procedural History section.

> Although the Superseding Indictment concerns three defendants and only six counts, the threshold procedural motions and supporting filings to date fill almost three feet of shelf space. Briefly stated, the following is an overview of what has transpired and what brings the court to these motions concerning recusal.

Recusal Opinion, slip op. at 2. Thereafter, a summary of the procedural status of the case is set forth in the Recusal Opinion. None of the procedural history impacts upon or was in any way the basis for the consideration and denial of the Recusal Motions. Indeed, as detailed in this Opinion, the so-called inaccuracies in the Recusal Opinion are merely "implications" or "suggestions" which Sachs draws from the Recusal Opinion.

The 2 April 1990 Letter–Memorandum states five bases for reconsideration. They are as follows:

> The first inaccuracy is the implication, never expressly stated [in the Recusal Opinion], that the Motion for Recusal was frivolously filed to permit counsel to seek an *ex parte* injunction in the Cayman Islands. ...
>
> Second, the opinion states that [Sachs] requested that the Cayman Islands discovery motion be decided after the recusal motion. ...
>
> The third inaccuracy is the implication that counsel for defendant Bertoli delayed argument on the recusal motion, thereby delaying decision on the Cayman discovery motion. ...
>
> The fourth inaccuracy is the suggestion that counsel for defendant Bertoli sought to hide the issuance of the Cayman Island injunction from the Court. ...
>
> Finally, the Court consistently points to the statement in defendant Bertoli's [Reply] brief that the recusal motion "is not based on a claim that Judge Lechner is in fact biased."

2 April 1990 Letter–Memorandum at 2–4.

The Government's Opposition succinctly addresses the inadequacy of the Reconsideration Motion: "Bertoli has not addressed or challenged the Court's legal findings in the [Recusal O]pinion, and has not addressed or challenged the facts upon which those legal findings were based." Government Opposition at 1. Simply stated, there is no basis to reargue or reconsider the Recusal Opinion. The entire rationale for reconsideration are the "implications" or "suggestions" Sachs reads into the Recusal Opinion which concern his conduct, not the conduct of Bertoli.

The conduct of counsel in filing the *ex parte* application and obtaining the *ex parte* injunction in the Cayman Islands played no part in the decision denying the Recusal Motion. The fact that Sachs decided to pursue the litigation in the Cayman Islands on an *ex parte* basis is accurate. The fact that Sachs did not apprise the court of the application for or issuance of the *ex parte* injunction is accurate. Also, it was Sachs who suggested a delay in the consideration of the Government's Cayman Islands Discovery Motion.

The statement in the Recusal Opinion that the "recusal motion is not based on the

claim that Judge Lechner is in fact biased against [Bertoli]," is an accurate quote from the brief submitted by counsel to Bertoli. Bertoli Reply[2] at 2. Sachs argues that the statement at page 49 of the Recusal Opinion that "[c]learly, Bertoli does not believe I harbor any prejudice against him or bias in favor of the Government" is "factually unwarranted." 2 April 1990 Letter–Memorandum. This statement by Sachs is baseless. If a court cannot take the words of a brief at their literal meaning, what is the purpose of a brief? At page 69 of the Recusal Opinion, I quote *United States v. Dalfonso*, 707 F.2d 757, 560 (3d Cir.1983) as support for the significance of defense counsel believing "that the judge would be able to preside over the case in an impartial manner...." Recusal Opinion, slip op. at 69. Bertoli and his counsel cannot have it both ways; the words of his brief have been and should be taken at their literal meaning. Moreover, the Recusal Motions were filed pursuant to 28 U.S.C. § 455(a), *not* 28 U.S.C. § 144.

With regard to the contention in paragraph 5 of the 2 April 1990 Sachs Affidavit that "the Court implies the recusal motion was filed in bad faith, by constantly questioning the bona fides of counsel in filing it," (*id.*) I note this issue was raised initially by Sachs himself, as referred to in the Recusal Opinion. Again, the implication drawn by Sachs as to the quotations in the Recusal Opinion from the 2 November 1989 Sachs Affidavit and the Bertoli Reply Brief is entirely within his control. Nevertheless, the issue was raised by Sachs and was not required to be raised by Sachs pursuant to 28 U.S.C. § 455(a).

There is nothing in the Reconsideration Motion or the supporting papers which justifies its filing, much more the granting of the motion. Simply stated, the Reconsideration Motion is unfounded. Sachs neither addresses nor challenges any of the facts upon which the findings in the Recusal Opinion were based or made. As mentioned, the procedural history section in the Recusal Opinion was set forth in an effort to state the status of the motion. It was

not part of the consideration or the decision of the denial of the Recusal Motions. The entire rationale for the Reconsideration Motion concerns Sachs, not Bertoli; its basis is the perception of Sachs.

One final comment is necessary. The last sentence in the penultimate paragraph of the 2 April 1990 Letter–Memorandum states: "Indeed, it is curious that the court's 77–page tome on the appearance of bias is entirely bereft of a denial of actual bias." *Id.* at 4. This statement appears to be nothing more than an attempt to shift a burden on the Recusal Motion from Bertoli to the court. Because I have no bias concerning Bertoli, I saw no reason to make such a statement. Nevertheless, as Sachs would have it, once a defendant has made baseless and unfounded charges, despite a complete absence of any evidence of bias, the burden would shift to the court to disprove actual bias. The frivolity of this reasoning is obvious. The Recusal Opinion does not address actual bias because none was alleged. In fact, as stated in the Recusal Opinion, and as noted above, Bertoli stated that his "recusal motion is not based on the claim that Judge Lechner is in fact biased against him." Bertoli Reply Brief at 2. Thus, it would appear a denial of actual bias is superfluous. Nevertheless, to reassure counsel, I state I do not harbor any bias against Bertoli or indeed any party to this case. My intention in this matter from the outset has been to treat it as any other criminal matter and move it beyond threshold motions to disposition.

*Conclusion*

Because neither the facts of nor the basis for the Recusal Opinion have been challenged and because the rationale of the Reconsideration Motion is unfounded, the Reconsideration Motion is denied in all respects. Succinctly stated, the Reconsideration Motion is legally frivolous.

---

**2.** This Brief was filed in connection with the       Recusal Motions.